In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00088-CR


______________________________




CHAD EVERETT JOHNSTON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 188th Judicial District Court


Gregg County, Texas


Trial Court No. 29086-A




 






Before Ross, Cornelius* and Grant,** JJ.

Opinion by Justice Cornelius



______________

*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment

**Ben Z. Grant, Justice, Retired, Sitting by Assignment


O P I N I O N



 Chad Everett Johnston pleaded guilty to possession of more than four grams but less than 200
grams of methamphetamine. A jury assessed his punishment, enhanced by a prior felony conviction,
at sixty years' imprisonment and a $10,000.00 fine. In two related points of error, Johnston contends
the trial court erred in overruling his motion to suppress evidence because: 1) police lacked sufficient
probable cause to search his vehicle, and 2) his written statement was a product of the illegal search
of his vehicle. 

 On May 9, 2001, a confidential informant notified Sheriff's Deputy Floyd Wingo, then
assigned to the Drug Enforcement Administration (DEA) task force in Tyler, Texas, that Johnston
was in possession of methamphetamine. Wingo testified that the confidential informant was well
known to him and had provided reliable narcotics information in the past. Wingo also testified that
he previously knew Johnston through Wingo's work as a narcotics investigator. On the occasion in
question, the informant told Wingo that Johnston possessed methamphetamine and would be
traveling in a green Mazda Navajo on Highway 259 en route to Street Creations, a Longview
car-customizing business. Based on this tip, Wingo and another officer set up surveillance on
Highway 259 in an unmarked police car.

 Later that afternoon, the officers saw the green Mazda Navajo and began a "rolling
surveillance." They followed the vehicle for several miles to the parking lot of Street Creations. The
driver stopped the vehicle in the parking lot, and the officers approached. Wingo identified Johnston
as a passenger in the vehicle. The driver had no identification. According to Wingo, Johnston was
"visibly agitated," his heart was racing, he was very nervous, and he was clenching his fists. Wingo
testified that, for officer safety and out of a concern that Johnston might flee, he placed handcuffs
on Johnston and conducted a pat-down search. During the pat-down search, Wingo found a knife
on Johnston's person.

 The officers then searched the vehicle and found approximately fourteen grams of
methamphetamine, syringes, and several ecstasy pills. The officers placed Johnston under arrest,
gave him Miranda (1) warnings, and took him to jail. While in custody, Johnston gave the officers a
written statement.

 Both points of error raised by Johnston complain of the denial of his motion to suppress. The
standard for reviewing the trial court's ruling on a motion to suppress is abuse of discretion. Oles v.
State, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999); Maysonet v. State, No. 06-01-00024-CR, 2002
WL 31306609, at *1 (Tex. App.-Texarkana Oct. 16, 2002, no pet. h.). In a suppression hearing, the
trial court is the sole trier of fact and the exclusive judge of the witnesses' credibility and the weight
to be given their testimony. The evidence must be viewed in the light most favorable to the trial
court's ruling. State v. Ballard, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999); Maysonet v. State,
2002 WL 31306609, at *3. We afford almost total deference to the trial court's determination of
historical facts that the record supports, especially when the fact-findings are based on an evaluation
of the witnesses' credibility and demeanor. State v. Ross, 32 S.W.3d 853, 856 (Tex. Crim. App.
2000); Maysonet v. State, 2002 WL 31306609, at *1. 

 We review the trial court's application of the law of search and seizure to those facts de novo.
State v. Ross, 32 S.W.3d at 856. Further, when the trial court does not file findings of fact, we
assume that the trial court made implicit findings that support its ruling, if those implied findings are
supported by the record. Id. at 855. If the trial court's decision is correct on any theory of law
applicable to the case, we will affirm the decision. Id. at 855-56. 

 Johnston first contends the police lacked sufficient probable cause to search his vehicle for
narcotics. The State insists the police had probable cause based on a tip from a confidential
informant that was corroborated by other evidence. 

 A confidential tip, standing alone, does not constitute probable cause. See State v. Steelman,
No. 1022-00, 1023-00, 2002 WL 31398545, at *5 (Tex. Crim. App. Oct. 23, 2002) (citing Ebarb v.
State, 598 S.W.2d 842, 845 (Tex. Crim. App. 1980)). But probable cause may arise from
information supplied by a confidential informant provided the information is corroborated. 
Eisenhauer v. State, 678 S.W.2d 947 (Tex. Crim. App. 1984), overruled on other grounds, Heitman
v. State, 815 S.W.2d 681 (Tex. Crim. App. 1991).

 Eisenhauer v. State provides the substantive law governing informant-based probable cause. 
In Eisenhauer, the Texas Court of Criminal Appeals held that the totality of the circumstances
approach adopted by the United States Supreme Court in Illinois v. Gates, 462 U.S. 213 (1983), also
applies to appellate review of probable cause for warrantless searches. Eisenhauer v. State, 678
S.W.2d at 952; see also Eisenhauer v. State, 754 S.W.2d 159, 164 (Tex. Crim. App. 1988) (restating
that the "totality of the circumstance" approach, as outlined in Eisenhauer v. State, 678 S.W.2d at
952, is the correct standard for appellate review for warrantless searches).

 Under the totality of the circumstances approach, an informant's veracity, reliability, and
basis of knowledge are all highly relevant in determining the value of a tip. Illinois v. Gates, 462
U.S. at 230. These elements, however, are not entirely separate and independent requirements to be
rigidly exacted in every case. Rather, they are simply closely intertwined issues that may usefully
illuminate the commonsense, practical question of whether there is probable cause to believe that
contraband or evidence is located in a particular place. Id.

 The Texas Court of Criminal Appeals in Eisenhauer observed that seemingly innocent
activities might become suspicious in the light of an initial tip. Quoting Gates, the court wrote:

 [P]robable cause requires only a probability or substantial chance of criminal activity,
not an actual showing of such activity. By hypothesis, therefore, innocent behavior
frequently will provide the basis for a showing of probable cause; to require
otherwise would be to sub silentio impose a drastically more rigorous definition of
probable cause than the security of our citizens [sic] demands . . . In making a
determination of probable cause the relevant inquiry is not whether particular conduct
is "innocent" or "guilty," but the degree of suspicion that attaches to particular types
of non-criminal acts.


Eisenhauer v. State, 678 S.W.2d at 954 (quoting Illinois v. Gates, 462 U.S. at 243 n.13) .

 In considering the totality of the circumstances in this case, we find that the trial court did
not abuse its discretion in finding probable cause. The following facts were known to the officers
when they searched Johnston's vehicle: The confidential informant told Officer Wingo that Johnston
would be traveling in a green Mazda Navajo, that he would be heading south from Lake of the Pines
en route to Street Creations in Longview, and that he possessed methamphetamine. According to
Wingo, the informant had provided reliable information in the past. In addition, Wingo testified that
he knew Johnston from his work as a narcotics investigator. Wingo and other officers had also
independently corroborated the informant's tip by sighting the green Mazda Navajo, following it to
Street Creations, and identifying Johnston. 

 This information, especially when combined with the other information known to Wingo,
was suffucient to raise a high degree of suspicion and created a reasonable belief that
methamphetamine was located in the vehicle, thus providing the officers with probable cause to
search the vehicle. Illinois v. Gates, 462 U.S. at 230. 

 In his second point, Johnston contends the written statement taken after his arrest was the
fruit of an illegal search of the vehicle and, therefore, the trial court erred in admitting it in evidence. 
Johnston does not challenge the voluntariness of his statement. Because the officers had probable
cause to search the vehicle, Johnston's subsequent voluntary statement was properly admitted. See
Balentine v. State, 71 S.W.3d 763, 774 (Tex. Crim. App. 2002). 


 The judgment is affirmed.



 William J. Cornelius*

 Justice


*Chief Justice, Retired, Sitting by Assignment


Date Submitted: September 11, 2002

Date Decided: January 24, 2003


Publish
1. Miranda v. Arizona, 384 U.S. 436 (1966).



riority="66" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium List 2 Accent 4"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00072-CR

                                                ______________________________

 

 

                                DAVID RAMON MITCHELL,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 159th
Judicial District Court

                                                           Angelina County, Texas

                                                         Trial Court
No. CR-29649

 

                                                    
                                              

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            The
testimony at David Ramon Mitchells bench trial for deadly conduct[1]
portrayed him, in drunken anger, discharging a firearm a few times in the
direction of an occupied building in an apartment complex in Lufkin, Angelina
County,[2]
Texas.  From his conviction and the subsequent
imposition of a sentence of seven years confinement, Mitchell appeals.

            Mitchells
attorney on appeal has filed a brief which discusses the record and reviews the
proceedings in detail.  Counsel has thus
provided a professional evaluation of the record demonstrating why, in effect,
there are no arguable grounds to be advanced. 
This meets the requirements of Anders
v. California, 386 U.S. 738 (1967); Stafford
v. State, 813 S.W.2d 503 (Tex. Crim. App. 1981); and High v. State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

            Counsel
mailed a copy of the brief and a letter to Mitchell May 31, 2011, informing Mitchell
of his right to file a pro se response and of his right to review the record.  No response has been filed.  Counsel has also filed a motion with this
Court seeking to withdraw as counsel in this appeal.  

            We have
determined that this appeal is wholly frivolous.  We have independently reviewed the clerks
record and the reporters record, and find no genuinely arguable issue.  See
Halbert v. Michigan, 545 U.S. 605, 623 (2005).  We therefore agree with counsels assessment
that no arguable issues support an appeal. 
See Bledsoe v. State, 178
S.W.3d 824, 82627 (Tex. Crim. App. 2005). 


            We
affirm the judgment of the trial court.[3]

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          August
12, 2011         

Date Decided:             August
15, 2011

 

Do Not Publish

 

 

 











[1]See Tex.
Penal Code Ann. § 22.05(b)(2), (e) (West 2011) (knowingly discharging
firearm in direction of habitation, reckless as to occupancy; felony of third
degree).

 





[2]Originally appealed to the Twelfth Court of Appeals,
this case was transferred to this Court by the Texas Supreme Court pursuant to
its docket equalization efforts.  See Tex.
Govt Code Ann. § 73.001 (Vernon 2005). 
We are unaware of any conflict between precedent of the Twelfth Court of
Appeals and that of this Court on any relevant issue.  See
Tex. R. App. P. 41.3.

 





[3]Since
we agree this case presents no reversible error, we also, in accordance with Anders, grant counsels request to
withdraw from further representation of appellant in this case.  No substitute counsel will be appointed.  Should appellant wish to seek further review
of this case by the Texas Court of Criminal Appeals, appellant must either
retain an attorney to file a petition for discretionary review or appellant
must file a pro se petition for discretionary review.  Any petition for discretionary review must be
filed within thirty days from the date of either this opinion or the last
timely motion for rehearing that was overruled by this Court.  See
Tex. R. App. P. 68.2.  Any petition for discretionary review must be
filed with this Court, after which it will be forwarded to the Texas Court of
Criminal Appeals along with the rest of the filings in this case.  See
Tex. R. App. P. 68.3.  Should a petition for discretionary review be
filed after September 1, 2011, it should be filed directly with the Texas Court
of Criminal Appeals.  See Texas Court of Appeals Misc. Docket
No. 11-004, July 12, 2011.  Any petition
for discretionary review should comply with the requirements of Rule 68.4 of
the Texas Rules of Appellate Procedure.  See Tex.
R. App. P. 68.4.